SUPREME COURT.    Monroe General Term, September 1854.
Before *Johnson, Welles* and *T. R. Strong*, Justices.

## THE PEOPLE *vs.* JAMES HENRIES.

No peremptory challenges are allowable to the people in criminal cases.

The statute of 1847, entitled "an act to provide for additional challenges to juors," has not changed the law in respect to challenges by the people in criminal cases.

A court of sessions has not jurisdiction to try an indictment for robbery in the first degree, that offence being punishable in the state prison for life; a trial and conviction in such case are utterly void.

Certiorari to the Yates county sessions. The prisoner was indicted, at the Yates Oyer and Terminer, for robbery in the first degree, and the indictment was sent to the Yates county sessions for trial. The prisoner having pleaded not guilty, the case came on for trial before said court of sessions on the 16th of May, 1854, before Lewis, county judge and the justices of the sessions.

On the trial, the clerk proceeded in the usual way to draw and call the jury, and before twelve jurors had been drawn and empanneled, the clerk drew and called one William A. Pelton as a juror; said Pelton answered to the call, but was peremptorily challenged by the district attorney, who claimed the right of a peremptory challenge, to which the counsel for the prisoner objected. The court overruled the objection and decided that the district attorney was entitled to two peremptory challenges, and that the challenge to the juror Pelton was well taken, and directed the said juror to stand aside, to which decision the counsel for the prisoner excepted. The juror thereupon stood aside, and another was drawn and empanneled in his place. The trial proceeded, and the prisoner was found guilty on the first count of the indictment, and not guilty as to the other counts. The cause having been brought before this court on a bill of exceptions, the prisoner's counsel moved for a reversal and for a new trial.

*E. Van Buren,* for the prisoner.

*A. V. Harpending,* (Dist. Att'y,) for the people.

The public prosecutor on the trial of an indictment, is enti-
tled to the same number of peremptory challenges that are al-
lowed to parties in civil actions, because the act of April, 27,
1847, to provide for additional challenges to jurors, and the
provisions of revised statutes respecting challenges to jurors are
in *pari materia,* and must be construed as if they formed parts
of the statute, and were enacted at the same time. (*Waterford
and Whitehall Turnpike Co.* v. *The People,* 9 *Barb.* 161, *and the
cases there cited;* 2 *R. S. 4th ed.* 917, § 13 *and* 16, *Laws of*
1847, p. 130.)

*By the Court,* T. R. STRONG, J.—By the common law of
England, as modified by the statute 33 Edw. I, 4, the crown
was allowed a challenge to jurors without assigning his cause
of challenge until the panel was gone through; but if a full
jury was not then obtained he was required to state the cause,
which was to be inquired of by the court. Beyond this there
was no peremptery challenge on the part of the crown. (4 *Bl.
Com.* 353, 1 *Chit. Crim. Law,* 534 *and cases cited.*) This was
the law of the colony of New York at the time of the revolution,
and was adopted by this state, the people occupying the place
of the crown. (*Const. of* 1777, § 35.) On the 19th of April,
1786, an act was passed in this state, by section twenty-two of
which it was provided, " that in all cases where the attorney
general of this state, in behalf of this state, or he who shall in
any case prosecute for the people of this state, shall challenge
any juror as not indifferent, or for any other cause, he who shall
make any such challenge, shall immediately assign and show
the cause of such challenge, and the truth thereof shall be in-
quired of and tried, in the same manner as the challenges of
other parties are or ought to be inquired of and tried." (1
*Greenleaf's Laws,* 261.) This section must have been intended
to abrogate the right of challenge without showing cause; and
I think it did so. Unless such was its object, I do not perceive
any reason for it, nor unless it had that effect, do I perceive
that any thing was accomplished by it. It is not merely de-
claratory, for it changes the common law rule by requiring

cause to be shown in all cases of challenge in behalf of the people, and immediately on the making thereof. The provision of this section was continued in the revisions of 1801 (1 *Kent and Brad.* 385, § 25) and 1813, (1 *R. L.* 334, § 25,) a proviso being added, that nothing in that act contained should be construed to take away the right of peremptory challenge in any cases where the same were then allowed by law. The purpose of this proviso is not apparent; it may have been to prevent an implication from the latter clause of the provision affecting the right to a peremptory challenge by a defendant; but whatever may have been its object, I do not think it restored to the people the right of challenge without assigning a cause—or a peremptory challenge—as it formerly existed. If the legislature had entertained such an intention, it would have been manifested in very different terms, and another way. The revised statutes of 1830 contain a section in relation to challenges in behalf of the people—which is the only provision therein on the subject—in these words: " The attorney general, or district attorney prosecuting for the people of this state, shall be entitled to the same challenges in behalf of this state, either to the array or to individual jurors, as are allowed to parties in civil cases, and the same proceedings shall be had thereon as in civil actions." This section is a revision of the statute of 1813 before referred to, and a substitute for it, and, in my opinion, restricts the right of challenge in behalf of the people to the limits therein specified.

In 1830, no challenge was allowable in civil cases, either at common law or by the revised statutes of that year, except for special cause shown. If the people were after that revision entitled only to the same challenges as parties in civil cases, it was necessary that their cause of challenge should in every case be stated, and judged of by the court. In 1847, an act was passed, the first section of which is in these words: " Upon the trials of any issue or issues of fact, joined in a civil action, each party shall be entitled peremptorily to challenge two of the persons drawn as jurors for such trials." By the second section, the right of peremptorily challenging a limited number of ju-

rors is given to a defendant in criminal cases where it did not before exist; and by the third section it is declared that nothing in the act contained shall be deemed to prevent any challenges theretofore allowed either to the array or to individual jurors. It is claimed on the part of the people that the first section of this act, and the section of the revised statutes allowing the people the same challenges as are allowed to parties in civil cases, are in *pari materia*, and must be construed as if they proved parts of the same statute, and were enacted at the same time; hence, that the people are in every criminal case entitled to two peremptory challenges. The rule is well established that statutes in *pari materia* must be construed with a reference to each other, but I think it is inapplicable to this case. The statutes in question are upon entirely different subjects; the first relates to challenges in criminal cases, and refers to civil cases merely for description; the other relates to civil cases only. There is nothing in the act of 1847 indicating an intention to extend the right of challenge in behalf of the people in criminal cases, nor in the revised statutes, manifesting that it was contemplated that the right of the people was to be enlarged or diminished as the right of challenge in civil cases might be varied. I am satisfied that the act of 1847 has not changed the law as it stood before, in respect to challenges by the people in criminal cases, and that no peremptory challenges by them are allowable.

The views here presented and conclusions arrived at, are in conflict with those in the *President, &c. of Waterford and Whitehall Turnpike* v. *The People,* (9 *Barb.* 161,) in which one of the members of the court dissented, but they are supported by the decisions in *The People* v. *Aichinson,* reported in 7 *How. Prac. Rep.* 241. The latter case was in the Oyer and Terminer, but the opinion was delivered by the presiding justice—a member of this court—and evidently after a careful examination. In both cases the same question as in the present was involved and necessarily decided.

There is another reason in this case why a new trial should be granted. The sessions had not jurisdiction to try the indict-

ment, as the punishment upon conviction might be imprisonment for life. (*a*)  (*Laws of* 1847, 332, § 44; 2 *R. S.* 208, § 5, *Sub.* 2, 677, §§ 55, 678 *and* 57; *The People* v. *Abbot*, 19 *Wend.* 192.)  The trial and conviction are utterly void.

Conviction reversed, and new trial granted.

(*a*) The statute authorizes a court of sessions to hear, determine and punish, according to law, all crimes and misdemeanors not *punishable* with death, or imprisonment in the state prison for life.  Though robbery in the first degree may be punished by imprisonment for ten years, it is also *punishable* by imprisonment for life.  A similar construction was put upon the words *liable to be punished* in the People v. Van Steenburgh, *supra*, 36.