## THE PEOPLE *vs.* JAMES CANIFF.

Under the statutes of the state of New York, the people, in a criminal prosecution, are entitled to two peremptory challenges.

On the trial of an indictment for burglary, it is not sufficient to prove that the goods of the prosecutor alleged to have been burglariously taken from his barn, were carried away from the barn in the night by the defendant, and were subsequently found in his possession; but the prosecutor must also prove that the barn was broken open and the goods stolen.  Such facts should be proved by the testimony of the person in the immediate possession of the barn and the goods; or a satisfactory excuse should be given why he is not called as a witness.

The prisoner was indicted at the Saratoga Oyer and Terminer, held in October, 1853, for burglary in the third degree, and the indictment sent down to the General Sessions for trial. On the trial in the Sessions, the clerk in impanneling the jury drew from the box the name of Thomas L. Gleason, who answered to the call.   To this person sitting as a juryman, the district attorney on behalf of the prosecution interposed a peremptory challenge.   The counsel for the prisoner denied the right of the people to such challenge.   The court held that under the statute as they now stood, the people were entitled to two peremptory challenges, and set the juryman aside.   To which ruling and decision the counsel for the prisoner duly excepted.   The charge against the prisoner was, that he had burglariously broke and entered the barn of one Benjamin

The People *v.* Caniff.

Wood, on the night of June 11, 1853, and taken and carried away therefrom, twelve fleeces of wool, the property of said Wood. A son of the said Wood testified, that on the night in question, thirty-seven fleeces of wool belonging to his father were put into his father's barn; that the barn stood beside the road, the front doors being fastened on the inside, and the back door by a staple and pin on the outside; that about sunrise, on the morning of the 12th of June, the back door of the barn was found open and twelve fleeces of the wool were gone; that there were tracks of a double horse team and wagon in front of the barn, and also those of a mare about the barn; that the off horse of the team had large feet and was shod; the near horse had small feet and was not shod. It also appeared in proof that prisoner drove a team answering such description, and was seen with it on the night in question in the vicinity of the barn. Twelve fleeces of wool, recognized to be those taken from the barn, were subsequently found on the lands of the prisoner, secreted in some elder bushes. Benjamin Wood, although about home at the time of the alleged burglary, was not called as a witness to prove the larceny. The counsel for the prisoner requested the court to charge the jury that it was not proved that said Wood had had any wool stolen from his barn; the court refused so to charge and the counsel for the prisoner excepted. The jury found the prisoner guilty. The cause having been brought up by certiorari, the prisoner now moves upon exceptions for a reversal and a new trial

*W. T. Odell* (District Attorney) for the people.

*D. Wright,* for prisoner.

*By the Court,* JAMES, J.—This case presents but two questions for our consideration. The first is, whether the people in criminal cases have the right of peremptory challenge to a juror; and the second is, was there proof sufficient to show that the barn was entered with an intent to commit a crime.

The first question has been decided both ways by the Supreme

Court. *First* in this district in the case of *The Waterford and Whitehall Turnpike Co.* v. *The People*, (9 *Barb.* 161,) where it was held that the people had such right of challenge, and subsequently in the case of *The People* v. *Henries*, (1 *Park. Cr. Rep.* 579,) determined in the seventh district, where such right was denied. Without entering into any discussion of the questions, or in any wise expressing an opinion on the reasoning advanced upon either side, we shall hold the question as *res judicata* in this district until overruled by the Court of Appeals.

*Second.* It will be observed that the proof, to establish that a crime had been committed, and to convict the prisoner with such offence, was all circumstantial, and may all have been true, and the prisoner innocent of the crime charged. In every criminal case the prisoner's guilt must be made out by evidence sufficiently conclusive to exclude any reasonable supposition of his innocence. Proof that stolen goods were found upon the person of the prisoner, or in his house or possession, is presumptive evidence against him of having stolen them, and sufficient to call upon him to explain his possession, but before any such presumption can arise, the goods found upon the accused must be shown to have been stolen. No presumption of guilt can arise from the bare possession of property, and no man is called upon to explain his possession of property until it is proved that it was stolen. (*Russell on Crimes*, 1153; *Cow. & Hill's notes, p.* 423 *n.* 325.) This proof should be by the owner of the property himself, if it was taken from his immediate possession. (*Murray's Case, N. Y. Gen. Ses.* 6, *C. H. Rec.* 65, 66.) In this case, the wool was sufficiently identified, and the circumstances under which it was found, together with the tracks of the horses, and the prisoner's whereabouts on the night in question, were amply sufficient to justify the jury in finding that the accused was the person who carried the wool from the barn. But the necessary evidence to show that the barn was broken open and the wool stolen therefrom, was wanting. The barn and wool being in the immediate possession of Benjamin Wood, he was the only

The People *v.* Caniff.

person who could testify directly to the burglary or larceny. He may have opened the barn and delivered the property himself, or consented to the prisoner's opening the barn and removing the wool. In either case, no crime was committed. Wood should have been called as a witness, or some satisfactory excuse rendered why he was not. It is a general rule that the best evidence of which the case is susceptible should be produced, and the court will not, in criminal cases, permit the prosecutor " to grope in the twilight of circumstantial evidence, when the broad day light of direct and positive proof is attainable."

The second point was well taken, and for that reason the conviction must be reversed and a new trial ordered