UNITED STATES CIRCUIT COURT.   Southern District of New York.
Before Judge *Hall*.   January, 1859.

### THE UNITED STATES *v.* JOHN MULVANEY.

An indictment charging the opening of a letter, which had been in the custody
of a mail carrier, before it had been delivered to the person to whom it was
directed, with a design to obstruct the correspondence of another, &c., is not
sustained by proof that the defendant opened a letter which had been left
with him at his residence by the mail carrier, and which was directed to
another person to the care of the defendant, at the number of the house occu-
pied by the defendant, it appearing that the defendant not only used no artifice
to obtain possession of the letter, but that he in fact objected to receiving it.

*Held*, also, that there being no evidence of the *corpus delicti*, except the confes-
sions of the defendant, the defendant ought to be acquitted on that ground.

Form of an indictment in the United States Court for opening a letter, which had
been in the custody of a mail carrier, before it was delivered to the person to
whom it was directed.

THE defendant was brought to trial upon an indictment
which was in the words and figures following:

"*Southern District of New York, in the Second Circuit.*

"At a stated term of the Circuit Court of the United States of
America, for the southern district of New York in the sec-
ond circuit, begun and held at the city of New York, within
and for the district and circuit aforesaid, on the last Monday
of February, in the year of our Lord one thousand eight
hundred and fifty-nine, and continued by adjournment to
and including the third day of March in the same year.

"*Southern District of New York, ss:*

"The jurors of the United States of America, within and
for the district and circuit aforesaid, on their oath present:
That John Mulvaney, late of the city and county of New
York, in the district and circuit aforesaid, laborer, heretofore,
to wit: on the seventeenth day of January, in the year of our
Lord, one thousand eight hundred and fifty-nine, at the city
of New York, in the southern district aforesaid, and within

The United States *v.* Mulvaney.

the jurisdiction of this court, did open a letter which had been in custody of a mail carrier, before it had been delivered to the person to whom it was directed, with a design to obstruct the correspondence, to pry into another's business and secrets, against the peace of the United States and their dignity, and against the form of the statute of the said United States, in such case made and provided.

### Second Count.

" And the jurors aforesaid, on their oath aforesaid, do further present: That John Mulvaney, late of the city and county of New York, in the district and circuit aforesaid, laborer, heretofore, to wit: on the seventeenth day of January, in the year eighteen hundred and fifty-nine, at New York, in the district and circuit aforesaid, and within the jurisdiction of this court, did destroy a certain letter, which had been in custody of a mail carrier, before it had been delivered to the person to whom it was directed, with a design to obstruct the correspondence, to pry into another's business and secrets, against the peace of the United States and their dignity, and against the form of the statute of the said United States, in such case made and provided.

"THEODORE SEDGWICK, *U. S. District Attorney.*"

The defendant pleaded not guilty.

The government proved, that on or about the seventeenth day of January, 1859, a city mail carrier left with defendant, at his place of business (82 Catharine street), a letter directed to " John Stewart, care of John Mulvaney, 82 Catharine street, New York city ;" that defendant at first objected to receiving it, but took it, and said he would see that it was delivered to the person to whom it was directed. Stewart testified that the letter was never delivered to him. Several witnesses testified that defendant, upon being asked whether he had received the letter, at first denied it, but afterwards admitted that he had received the letter, opened and read it, and then burnt it.

*Henry L. Clinton*, for the defendant, contended that, inasmuch as the letter was delivered by the mail carrier, at the place to which it was directed, defendant having resorted to no fraud or artifice to get possession of it, the letter had passed out of the jurisdiction of the United States. Mr. C. also contended that there must be proof of the *corpus delicti* aside from the confessions of defendant; and as there was no testimony showing either the opening or destruction of the letter, except defendant's admissions, on this ground the jury should acquit. On this point, counsel cited *People* v. *Hennessey* (15 *Wend.*, 147.)

After hearing *Mr. Dwight*, Assistant U. S. District Attorney, the court sustained both points taken by the defendant's counsel, and directed an acquittal.

Verdict, not guilty.

---

SUPREME COURT. At Chambers. New York, January, 1859. Before *Sutherland*, Justice.