### PEOPLE v. WAGNER.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

1. ARSON—SUFFICIENCY OF EVIDENCE—CORPUS DELICTI.

On a prosecution for arson the evidence showed that defendant had been a tenant of the building, and was dispossessed six months prior to the fire, and that he then threatened to set fire to the house; that two weeks before the house was burned defendant was seen in the hallway, and a few minutes thereafter "there was a fire in the house," but it did not appear whereabouts in the house this fire was, or that it was incendiary. It further appeared that defendant spent the night of the arson in saloons and about the streets a few blocks from the building, and was seen a block and a half from the house a few minutes after the fire was discovered. The house was occupied by 26 families, and the fire originated in the cellar. *Held* that, in the absence of anything to show that the fire was incendiary, the evidence was insufficient to warrant a conviction.

2. SAME — INSTRUCTION ASSUMING CORPUS DELICTI — FAILURE TO EXCEPT—WAIVER.

Where defendant, in a prosecution for arson, moved for an acquittal at the close of the state's evidence, and also at close of all the evidence, excepting to the refusal to so direct the jury, his failure to except to the charge of the court, assuming that the fire was incendiary, did not constitute a waiver of his right to insist that the evidence was insufficient to warrant a conviction, in that there was a total lack of any evidence that the fire was incendiary.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from court of general sessions, New York county.

Frederick Wagner was convicted of arson in the first degree, and he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Lewis Stuyvesant Chanler, for appellant.
Howard S. Gans, for the People.

LAUGHLIN, J. The defendant was indicted for arson in the first degree for feloniously burning a dwelling house in the city of New York on the night of January 30, 1901. Upon the trial evidence was given tending to show that between 3 and 4 o'clock in the morning of the 30th of January, 1901, a fire was discovered in the cellar of the five-story brick tenement house known as No. 355 East Eighty-Eighth street, which was occupied by 26 families. Evidence was given tend-

ing to show that defendant had been a tenant of the building, and was dispossessed on the 1st day of August, 1900; that on being evicted he declared that he would "fix the landlord and the house by putting it ablaze, and if it would not blaze he would pour kerosene oil upon it"; that on the 14th day of January, 1901, he was seen in the hallway, and frightened some small boys, who were watching him, up the stairs, out of sight, and in a few minutes after "there was a fire in the house." It further appeared that he spent the night in question in saloons and about the streets within a few blocks of the premises, and was seen within a block and a half of the premises a few minutes after the fire was discovered. If the fire was of incendiary origin, there was doubtless sufficient evidence to connect the defendant with the crime. We think, however, that the testimony utterly fails to show that the crime of arson was committed by anybody. Not a single fact or circumstance is shown to indicate that the fire on either of these occasions did not originate from natural causes or through accident. The defendant's conduct on the 14th of January, as disclosed by the evidence, is most suspicious, and if he at that time made an unsuccessful attempt to burn this same building it would be competent and cogent evidence tending to connect him with the subsequent fire, if of incendiary origin. It does not appear, however, where the fire was on the 14th of January. It was not shown whether it was in the cellar or garret, in a public hall near where he was seen or to which he had access, or in a private apartment, to which he did not have access. Taking the testimony, "there was a fire in the house," which is all the information the witnesses were asked to give, literally, the fire may have been in the furnace or in a stove. But probably it should be inferred that the house was on fire, but, as has been observed, neither its location nor the attendant circumstances are given.

Concerning the fire on the 30th of January no evidence is given with reference to the use that was made of the cellar, or whether the fire originated near a furnace, a lighted gas jet, or other light or fire from which it might have been naturally or accidentally caused. Nor was any evidence given as to how long before the fire was discovered any one had been in the cellar. Furthermore, it does not appear how the defendant, or any one else who did not live in the building, could have obtained entrance thereto without breaking a door, window, or other opening. There is no evidence that a door was open or unlocked, or that an entrance was forced, and we are not at liberty to indulge in presumptions or take judicial notice of those matters.

Too much has been taken for granted on the trial of this case, and the same is true of many other criminal cases coming before this court. The people should have offered some evidence tending to show that the fire was of incendiary origin, so as to warrant the essential finding of the corpus delicti by the jury as a basis for the conviction of the guilty party. There is no presumption that every fire that occurs in a thickly-populated city, in buildings occupied by many human beings, is of incendiary origin, and, although a man may have an inclination and a motive for burning a building, yet the burden cannot be placed on him, if perchance it should burn, of showing that the fire was not from natural causes.

We do not find the defendant in any manner waived his right to insist that the evidence is insufficient in this regard to warrant the conviction. At the close of the plaintiff's case, and at the close of all the evidence, he duly moved for an acquittal, and excepted to the refusal of the court to so direct the jury. The learned trial judge in his charge to the jury assumed that the fire was of incendiary origin, and no exception was taken to this charge, but we think that does not supply the want of evidence of the criminal origin of the fire.

The judgment must be reversed, and a new trial granted.

McLAUGHLIN and PATTERSON, JJ., concur. VAN BRUNT, P. J., and O'BRIEN, J., dissent.