# Court of Appeals.

## May, 1904.

## THE PEOPLE v, FRANK H. BURNESS.

### (178 N. Y 429.)

MURDER—CORROBORATION OF CONFESSION—SUFFICIENCY OF EVI-
DENCE.

The evidence upon the trial of an indictment for murder examin-
ed and held not only to amply corroborate every fact in defendant's
confession of the crime charged, but also sufficient, apart from the
confession, to support a verdict convicting him of the crime of mur-
der in the first degree.

APPEAL from a judgment of the Kings County Court, ren-
dered December 28, 1903, upon a verdict convicting the
defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

Edmund F. Driggs for appellant. The judgment is not
supported by the evidence. (People v. O'Neill, 5 N. Y. Cr.
Rep. 302; People v. Kelly, 37 Hun, 160; Best on Ev. § 554;

3 Rice on Ev. §§ 313, 316; State v. Guild, 18 Am. Dec. 404.)

John F. Clarke, District Attorney (Robert H. Elder of counsel), for respondent. Assuming that the testimony which the defendant gave on the stand is to be regarded as a "confession" within the meaning of the statute, the law does not require that there should be corroboration upon the point that it was the defendant who did the killing, but simply provides that there must be "additional proof that the crime charged has been committed." This means that the additional proof should relate to the corpus delicti. (Code Crim. Pro. § 395; People v. Jaehne, 103 N. Y. 199; People v. Kelly, 3 N. Y. Cr. Rep. 414; People v. Deacons, 109 N. Y. 374.) The corpus delicti was abundantly established, and by direct evidence that was independent of the testimony and of the confession of the defendant. (People v. Palmer, 109 N. Y. 113; People v. Deacons, 109 N. Y. 374.)

Parker, Ch. J.

Understanding that it was to be used against him, defendant, before trial, made a voluntary written confession, and upon this trial testified to facts which, if true, establish that he committed the crime of murder in the first degree. He admits that he had worked for Captain Townsend, the murdered man, and that they had a dispute about wages; that learning that Townsend's schooner was in port, defendant went from New Haven to New York intending to find Townsend and kill him if he refused to. pay him ; that defendant bought a revolver and cartridges, and located the schooner at a Brooklyn dock; that on November 12, 1903, about noon, he went aboard and found Townsend, with the mate, the steward and one Sorenson, on deck; that he

demanded of Townsend the amount he claimed, and was refused ; that Townsend went down into the forward cabin ; that after some conversation with Sorenson defendant followed Townsend, and again demanded the money; that Townsend again refused; that as he turned away defendant shot him several times and killed him ; that Townsend tried to escape by the after companionway, which was closed; that defendant reloaded his revolver to defend himself if attacked while leaving the schooner; that he went away without interference; and that he pawned the revolver.

Under section 395, Code of Criminal Procedure, before a man who has confessed a crime may be convicted there must be "additional proof that the crime charged has been committed." But proof of the finding cf a body with marks of violence upon it, supplemented by a defendant's confession of guilt, is sufficient for conviction, as the meaning of the Code is that there must be some other evidence of the corpus delicti beside the confession. (People v. Deacons, 109 N. Y. 374, 377.)

In this case, however, there is not only ample corroboration of every fact in defendant's confession—he not being contradicted in even the most trivial detail—but there is also abundant evidence apart from his confession to support the verdict rendered by the jury.

It appears by uncontradicted evidence of other witnesses that defendant claimed to have a grievance against Townsend ; that he had been looking for him diligently ; that he came aboard the schooner and demanded payment of his claim from Townsend; that he then appeared calm and unexcited ; that Townsend refused to pay him, but that there was no anger shown on either side, and nothing apparent in the conversation to excite it; that Townsend descended to the forward cabin, and defendant, still appearing cool and calm, remained a few minutes on deck conversing in a

desultory way with Sorenson; that Townsend was then alone in the cabin, which could only be entered by the forward companionway; the only other entrance being fastened; that defendant descended to the cabin through the forward companionway, and was alone with Townsend about four minutes during which time no noise was heard except by Sorenson, who thought he heard two shots, but not distinctly enough to make him certain; that Townsend was shot from behind several times, as the doctor who examined the body showed conclusively; that Townsend endeavored to escape by the after companionway, which was closed, as shown by the position in which the body was found; that defendant reloaded his revolver, as proved by the box of cartridges left on the table with the paper in which they had been wrapped, and by the empty shells on the floor ; that defendant returned to the deck coolly and deliberately, and left the boat; that he afterward pawned the revolver; that immediately on defendant's departure the dead body was discovered, and that there was no disorder in the cabin, and nothing else to indicate that there had been any struggle there.

The testimony we have epitomized here would, without defendant's confession, justify the jury in reaching the conclusion that defendant, without excuse, unjustifiably and with deliberation and premeditation, shot and killed Captain Townsend. And this evidence is, of course, strengthened by the confession of defendant, which corroborates it in every detail.

The judgment of conviction should be affirmed.

GRAY, O'BRIEN, BARTLETT, MARTIN, VANN and CULLEN, JJ., concur.

Judgment of conviction affirmed.