THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN E. LE VAN, Appellant.

Fourth Department, May 15, 1946.

*Jay T. Barnsdall, Jr.,* for appellant.

*John W. Ryan, Jr.,* for respondent.

*Per Curiam.* On a second trial of an indictment charging grand larceny in the first degree defendant was convicted. On the first trial the jury disagreed. The defendant was sentenced as a fourth offender. The conviction, under review, rests entirely upon circumstantial evidence. There was no confession or damaging admission by him. No part of the stolen property was found.

Analyzed, this defendant has been found guilty upon testimony from which the jury must have found — (a) that he had opportunity to steal the money and checks from an unlocked

safe in the office of the hotel; and (b) that shortly after the theft he left the city of Buffalo, from which an inference of conscious guilt, usually accorded to flight, could be drawn. That inference depended, however, upon which of two conflicting explanations, why he left Buffalo, made by defendant, the jury accepted. It is upon these two sets of facts with the inference of guilt to be drawn therefrom, that this conviction rests.

The view seems justified that proof of opportunity to steal, from which the inference could be drawn that defendant was the thief, left too many gaps filled with possibility and conjecture. The unlocked safe was so placed that anyone, either an employee or patron of the hotel, who might have been conversant with the fact that both the drawer in which the money and checks were placed and the safe itself were always unlocked, could have stolen this money. The testimony to establish that the defendant, other than hotel employees on duty that night, was the only person who, at any time, was alone in this office after 8:00 P.M., May 21, 1944, until 6:00 A.M., May 22d, was quite unsatisfactory. The larceny was committed, on the theory of the People, shortly after 2:00 A.M., May 22d. While the proof established that for a brief time, two to three minutes, shortly after 2:00 A.M., May 22d, defendant was alone in the office, it did not satisfactorily show that from 8:00 P.M., May 21st, to 6:00 A.M., May 22d, a period during which the larceny may have been committed, the defendant, two elevator men, and the night clerk working that night, were the only persons alone, at any time, in the office. Since this was an important and essential element to establish guilt, it should have been more clearly proved. "If in a criminal case circumstantial evidence is to be given legal effect the facts from which the inference of guilt is drawn must themselves be proved, not assumed; the controlling inference must be clear and strong, pointing logically to defendant's guilt and excluding to a moral certainty every other reasonable hypothesis." (*People* v. *Taddio*, 292 N. Y. 488, 489.) The testimony, upon this vital element, did not, on this trial or on the first, measure up to the foregoing test.

Although the stolen property belonged to an individual, the owner and operator of the hotel, who was available, he was not called as a witness. From the record the inference might arise that he was accustomed to be about his hotel, so that he might be deemed to be in immediate possession of the stolen property. Certainly, in this case, where the conviction rests entirely upon the proof of circumstances which must be sufficient to warrant the inference of guilt, he should have been sworn by the prosecu-

tion as a witness. (*People* v. *Caniff*, 2 Parker Cr. Rep., 586, 588–589.)

Much of the testimony of the witness Mitchell was pure hearsay and should not have been received. Although no objection was made to it, in as close a case as this one is, its reception, damaging, in the extreme, to the defendant, should not be overlooked.

On the whole record it cannot be said that the guilt of the defendant was satisfactorily established. The judgment should be reversed on the law and facts and a new trial granted.

All concur, except TAYLOR, P. J., and DOWLING, J., who dissent and vote for affirmance in the following memorandum: Defendant's mother testified that he came home at midnight on the morning of May 22d, packed his bag and left saying he was going to Cleveland to obtain work and that he directed her to go to the Markeen Hotel and collect his wages. The defendant told detective Basil, who brought him to Buffalo from Detroit, that he left Buffalo on Tuesday, May 23d; that his mother told him about the theft at the Markeen, and that he ran away because of his criminal record believing the police would blame him once they had checked his record. The jury, on this testimony, had a right to find that the appellant fled to Cleveland at 3:00 A.M. on the morning of Monday the 22d; that he then knew the money had been taken from the Markeen, and that when appellant fled to Cleveland the theft had not yet been discovered at the Markeen. Mrs. O'Grady did not discover the theft until about 6:00 A.M. on the 22d. The jury had a right to find that appellant's statement to detective Basil, that he left on the 23d, was false and that his statement to Basil, that his mother told him about the theft and that he fled because of his record, was likewise false and that his knowledge of the theft when he fled was derived from the fact that he himself was the thief and that his statement to Basil was tantamount to an admission of guilt. The jury could also find that the appellant's statement to his mother that he was going to Cleveland to obtain work was also false. The jury could also find that the appellant had planned to steal this money for some time prior to the actual theft, and that his statement to his witness Barrett that he intended to quit the Markeen and go out of town for a job was made for the purpose of laying a foundation to explain his flight in case he should be apprehended for the theft he was then planning to commit. The defendant, on cross-examination, proved that Thomas (the owner and proprietor of the Markeen) owned

the money stolen from the safe. Hence the failure of the People to call Thomas as a witness on the trial is of no moment. The evidence demonstrates the defendant's guilt beyond a reasonable doubt. Present — TAYLOR, P. J., DOWLING, HARRIS, LARKIN and LOVE, JJ.

Judgment of conviction reversed on the law and facts and a new trial granted.