**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELLIS R. CLEGG, Appellant.—** Appeal by defendant from a judgment of the County Court, Nassau County, rendered January 3, 1962, after a jury trial, convicting him of attempted arson in the first degree, and sentencing him as a second felony offender. Judgment reversed on the law and the facts and a new trial ordered. The principal evidence identifying defendant as the alleged arsonist and indicating that the fire was incendiary in origin was given by a police officer and was received without objection. He testified that one Rainey told him that he saw defendant setting the fire. The receipt of such hearsay testimony was erroneous and, in our opinion, on the record presented, a new trial is required in the interests of justice (cf. *People* v. *Le Van*, 270 App. Div. 678, 681; *People* v. *Thompson*, 16 A D 2d 705; *People* v. *Wagner*, 71 App. Div. 399, 402; Code Crim. Pro., § 527). While defendant made no request for any instruction on the subject, we are also of the opinion that a new trial is required because of the court's failure to charge the jury at any time that a signed statement, admitted under section 8-a of the Code of Criminal Procedure, was not affirmative evidence against defendant but went only to the credibility of the witness (*People* v. *Shingles*, 281 App. Div. 647, 649–650). Christ, Brennan, Hill and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: Although Patrolman Cirella's testimony that Rainey said on May 28, 1961 that defendant had set the fire was hearsay, there is presented here an exception to the hearsay rule because the statement was made in defendant's presence. Defendant was not then in custody. He heard and fully understood what was said, had the opportunity to reply, and would have denied the statement had he regarded it as untrue. Under such circumstances, Rainey's statement, together with the fact of defendant's silence, was admissible

in evidence on the theory that defendant's silence was an admission of the truth of the statement (*People* v. *Allen,* 300 N. Y. 222, 225; *People* v. *Koerner,* 154 N. Y. 355, 374). With respect to the pretrial statement of the witness, Ellen Mason, it is conceded that no request was made to charge the limited effect to be given thereto. I do not see that the interests of justice require us to grant defendant a new trial in view of the clear evidence of his guilt, corroborated by his admission by failure to deny the statement made in his presence that he had set the fire.