■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO TORRES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 6, 1974, convicting him of manslaughter in the first degree and assault in the first degree, upon a jury verdict as modified by the trial court, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No fact issues are raised by this appeal. The defendant's defense at the trial was justification in that he and his codefendants had been attacked by the deceased, who was wielding a garrison belt. In addition to the testimony of the surviving victim and other witnesses to the crime, a detective, who had investigated the scene the day after the crime, testified that he had discovered a garrison belt there. Following his testimony on cross-examination that he had been told by a witness that the belt belonged to the deceased, he was allowed to testify that the witness was a codefendant who was not being tried jointly with the appellant. He further stated, over objection, that such codefendant had told him that he knew the belt belonged to the deceased because "He stated he was there at the time. He saw three male youths attack Sierra, at which time Sierra then took the belt, removed it from his waist band to try to protect himself." The receipt of such hearsay testimony was erroneous and, in our opinion, on the record presented, a new trial is required. The statement, despite the cautionary instruction of the trial court, allowed the jury to consider this incriminating evidence from a declarant who was not subject to cross-examination and who had a clear interest in what he told the detective (see *People v Clegg,* 18 AD2d 694). Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ETHEL WALLACE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 25, 1973, convicting her of attempted assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence. Judgment affirmed. The point urged by defendant that the crime of menacing should have been charged is not available to her in view of the fact that she was convicted of attempted assault in the second degree and the lesser included crime of attempted assault in the third degree was charged. We have considered the other points raised and find them to be without merit. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.