■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NUSSBAUM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thorp, J.), rendered October 16, 1987, convicting him of bribe receiving in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the case is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

This prosecution arises from allegations of corruption surrounding the awarding of cable television franchises to companies in Queens in the early 1980's. The complainant, Al Simon, was the owner of one of several companies whose bids were rejected by the New York City Board of Estimate (hereinafter board). The board relied primarily upon the recommendation of the then Queens Borough President, Donald Manes. In 1986, the defendant, who had been employed by Simon to represent his company during their effort to secure a cable television franchise, was charged with bribe receiving in the second degree in that, on October 6, 1981, he allegedly acted in concert with Manes to solicit $250,000 from Simon with the understanding that Simon's company would be granted a cable television franchise in Queens. The defendant was found guilty after a trial by jury, and this appeal ensued.

We agree with the defendant's contention that the evidence adduced was legally insufficient to support his conviction. "A public servant is guilty of bribe receiving in the second degree when he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced" (Penal Law former § 200.10). In order to support the conviction of the defendant, who was not at the time of the alleged solicitation a public servant, the People had to establish that the defendant, with intent to commit the crime of bribe receiving, acted in concert with and on behalf of a public servant, in this case Donald Manes, to commit that crime (see, People v Fitzgerald, 288 NY 58; see also, United States v Mann, 811 F2d 495).

The only direct evidence of Manes' complicity in the crime charged came from Al Simon who testified that during a meeting on October 6, 1981, the defendant "said that he had spoken to Richie Rubin [who was working with the defendant on behalf of Mr. Simon], and Mr. Rubin indicated that for $250,000 payable to Donald Manes, I would be given the franchise that I was looking for in the Borough of Queens". This testimony constituted an admission by the defendant that he was knowingly soliciting a bribe from Simon, and perhaps an admission that the defendant believed that he was acting on behalf of Manes. However, it does not constitute legally competent evidence that he was, in fact, acting in concert with and on behalf of Manes (see, Reed v McCord, 160 NY 330, 341; Brusca v El Al Israel Airlines, 75 AD2d 798, 800; Richardson, Evidence §§ 204, 214 [Prince 10th ed]). The testi-

mony clearly is not competent evidence of Manes' actual involvement in the crime charged.

The prosecution also relied upon a statement by the defendant made to a police investigator in 1986 relating that, on a date not definitely established in the record, at Simon's request, he conveyed a bribe offer to Manes which Manes rejected as "too early". Assuming, arguendo, the admissibility of this statement, it adds no support to the People's contention that Manes engaged in conduct which constituted the crime of soliciting a bribe *(see,* Penal Law § 20.00, former § 200.10).

The People further contend that they produced sufficient circumstantial evidence at trial from which the jury could infer that Manes was involved in the crime charged beyond a reasonable doubt. However, that evidence, when viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), at best, established that the defendant and Manes were close personal friends, that Manes was in the position to grant Simon the franchise he sought, and that Simon did not receive that franchise. It is insufficient to establish, beyond a reasonable doubt, that the defendant was acting on behalf of and in concert with Manes to solicit a bribe from Simon.

In view of this determination, we need not reach the other issues raised by the defendant. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.