RICHARD J. MAY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CONFESSION OF CRIME—*whether it will authorize a conviction.* The confessions of a party to an individual merely, uncorroborated by circumstances, and without proof *aliunde* that a crime has been committed, will not justify a conviction.

2. It has been said, in the United States, the prisoner's confession, when the *corpus delicti* is not otherwise proved, has been held insufficient for his conviction.

3. SAME—*and herein, of the sufficiency of the proof.* In this case the prisoner was indicted for the larceny of a horse. The confession of the prisoner was

relied upon. The most to be derived from that was that he took the horse and traded it off, and upon going to the person to whom he said he had traded the horse, it was found in that person's possession. One witness testified that the owner had the horse in his possession before the time he was said to have been taken. The witness saw the horse put in a stable the evening before the time in question—heard about the horse being taken next morning. Another witness testified that he saw the horse in the owner's possession not long before the time "he was said to have been stolen:" *Held*, the proof did not sufficiently show that a larceny had been committed, to justify a conviction.

4. AMENDMENT *of record in criminal cases—at a subsequent term.* An indictment for larceny was found at the October term of court, but there was no entry of record of the fact at that term. At the subsequent May term a trial was had and the defendant found guilty. At the same May term, after the rendition of the verdict, and before judgment thereon was entered, the court, on motion of the State's attorney, permitted the record to be amended by the entry of an order *nunc pro tunc* showing the return of the indictment into open court at the proper term: *Held*, the proof introduced showing the fact, the action of the court below allowing the amendment was correct.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. KNAPP & RIGGS, for the plaintiff in error.

Mr. JAS. K. EDSALL, Attorney General, for the People:

The amendment of the record in this case was made at a subsequent term, but the cause was still pending and undetermined in the court. The power of the court to permit the amendment was sustained in *Phillips* v. *The People*, 88 Ill. 160. In that ruling this court followed the tenor and spirit of the modern authorities. *Bodkin* v. *The State*, 20 Ind. 281; *Franklin* v. *The State*, 28 Ala. 12; *Weighorst* v. *The State*, 7 Md. 450; *Francis* v. *The State*, 6 Fla. 313.

The court has much greater power and discretion in this regard while the cause is still pending and all the parties before it, than after final judgment. *Coughran* v. *Gutcheus*, 18 Ill. 390; *Cairo and St. Louis Railroad Co.* v. *Holbrook*, 72 id. 419.

While the cause is still pending, any evidence which satisfies the court as to the propriety of the proposed amendment,

is sufficient.    Bishop Crim. Proc. § 1160; *Mayo* v. *Whitson*, 2 Jones N. C. 231.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment for the larceny of a horse, the property of one Joseph G. Blackford, upon which the defendant was convicted and sentenced to three years imprisonment in the penitentiary.

We are of opinion the evidence is insufficient to sustain the conviction.

There is no competent evidence of any larceny having been committed aside from the confessions of the defendant, and even they are quite meagre to that end. The most to be derived from them is that the defendant took the horse and traded it off, and upon going to the person to whom he said he had traded the animal, it was found in that person's possession. One witness testified that Blackford had the horse in his possession before the time " he is said to have been taken ; saw horse put in Frank Hardesty's stable the evening before time in question—heard about horse being taken next morning." Another witness testified that he saw the horse in Blackford's possession not long before the time "he is said to have been stolen." This is really all the testimony there is in the case as to a larceny having been committed. No one of the witnesses testifies to having known personally of the larceny charged. Neither Blackford nor Hardesty testified in the case. They are the ones, presumptively, to have known of the larceny, had one been committed. In *The People* v. *Hennessey*, 15 Wend. 147, the court, in laying it down that the confessions of a party to an individual merely, uncorroborated by circumstances, and without proof *aliunde* that a crime has been committed, will not justify a conviction, observe: " The truth is, no court will ever rely upon the confession alone, when it is apparent that there is evidence *aliunde* to prove that an offence has been committed." In 1 Greenleaf Ev. § 217, it is said: " In the United States, the prisoner's

confession, when the *corpus delicti* is not otherwise proved, has been held insufficient for his conviction; * * * and it (this opinion) seems countenanced by approved writers on this branch of the law." And see *The People* v. *Badgley*, 16 Wend. 53.

The indictment was found at the October term, 1878, of the circuit court of Scott county. The trial was had at the subsequent May term, 1879, of that court. After the rendition of the verdict, the State's attorney moved for an order to have the clerk enter *nunc pro tunc* the return of the indictment into open court on the 30th day of October, 1878,—the record, up to the time of the motion, not showing that the indictment was ever returned into open court and the decisions of this court being that it is essential that the record show this. The indictment bore upon it the following indorsements : "Filed October 30, 1878. F. M. Glasson, clerk." "A true bill. Wm. A. Gillham, foreman of the grand jury." Upon the oral testimony of the foreman of the grand jury, who was introduced as a witness, of the return of the indictment into open court, the court granted the motion, and the record was accordingly amended so as to show that the indictment was brought into open court at the October term, 1878, to which the defendant excepted. This amendment of the record is assigned for error.

In 1 Bishop on Criminal Procedure, § 1160, speaking of amendments after the term of the court has closed, it is said : "Neither, it has been held, can the clerk, at a subsequent term, make an entry of what truly transpired at the preceding term. But this refers to the power of the clerk, proceeding of his own motion. The court may order *nunc pro tunc* entries, as they are called, made to supply some omission in the entry of what was done at the preceding term; yet this is a power the extent of which is limited, and not easily defined. In general, mere clerical errors may be amended in this way ;" and it is stated in the section following, that in making the

amendment the court may resort to any proof which is satis-factory.

In the case of *Phillips* v. *The People,* 88 Ill. 160, this court sustained the power of the circuit court at a subsequent term, and while the prosecution was still pending, to amend *nunc pro tunc* the record made by the clerk at a previous term, so as to make it appear that at the time of a former trial upon the same indictment, the prisoner. had not entered a plea of not guilty.

Viewing the character of the amendment here, we think there was no error in its allowance. But holding that a new trial should have been granted for the insufficiency of the evidence to sustain the conviction, the judgment is reversed and the cause remanded.

*Judgment reversed.*