GEORGE A. SEAVERNS

*v.*

GEORGE LISCHINSKI.

*Opinion filed October 19, 1899.*

1. BILLS OF EXCEPTION—*bill is complete though objects shown the jury are not contained therein.* A bill of exceptions contains all the evidence if it includes that which was presented at the trial, although objects, persons or scenes of which the jury may have had a view are not contained in it.

2. APPEALS AND ERRORS—*record of Appellate Court cannot be contradicted by resort to its opinion.* A recital in the record that the Appellate Court considered and determined all the assignments of error and found no error in the record cannot be overcome by expressions in the opinion of the court.

*Seaverns* v. *Lischinski,* 82 Ill. App. 298, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

JOHN A. POST, and O. W. DYNES, for appellant.

FRED H. ATWOOD, and FRANK B. PEASE, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee was a laborer at appellant's elevator and was injured in consequence of the breaking of a rope called a "sling," by which a pulley was fastened to the ties and timbers of a railroad track as part of a tackle for moving freight cars. He recovered a judgment for his damages in the superior court of Cook county on the ground that appellant did not discharge the employer's duty to furnish reasonably safe appliances and to keep them in reasonably safe condition and repair. Appellant removed the record by appeal to the Branch Appellate Court for the First District, and that court having affirmed the

judgment, he has prosecuted a further appeal to this court.

Aside from questions of fact, which we are not permitted to review, the only complaint made is that the Appellate Court refused to consider appellant's assignments of error, merely because the rope, which was produced in the trial court by him and exhibited to the jury, was not contained in the bill of exceptions. In the absence of anything in the record showing that fact it will not be presumed that the Appellate Court adopted such a rule or refused a hearing and consideration of the assignments of error for such a cause. It has never been held in this State that a jury might return a verdict upon their own knowledge, unsupported by other evidence, whether such knowledge was acquired in or out of court, by a view or otherwise, and a verdict based exclusively on knowledge so acquired would be set aside for want of substantial evidence to support it. A verdict unsupported by sworn testimony, upon disputed facts, has always been successfully challenged, whether there was a view or not, and if a jury has disregarded such evidence, or there is none which a reasonable person might believe and act upon, the verdict should be set aside. To allow jurors to make up their verdict upon a disputed fact from their own individual observation would be most dangerous and unjust. In the very nature of things it is ordinarily impossible to put in a bill of exceptions persons, places or things exhibited to a jury, and it would be absurd to construe the certificate that the bill contains all the evidence as including such things. Rules of practice are adopted in furtherance of justice, and not as pit-falls for litigants, nor to enable a court of review to put out of court a party who feels himself aggrieved by a judgment and asks for a consideration of his complaints. The sense in which a bill of exceptions is understood, and the only reasonable meaning to be given to the certificate used, is that the bill does contain all the evidence if it

contains that which was presented at the trial, although objects, persons or scenes of which the jury may have had a view are not contained in it. And such is the rule. (*Jeffersonville & C. R. R. Co.* v. *Bowen,* 40 Ind. 545.) A court of review would not refuse to consider whether a verdict was sustained by substantial evidence because a wound or injury had been exhibited in court to the jury to permit them to see its character or extent, or personal marks had been exhibited in a case of personal identity where they were relevant, or a view of the scene of a crime had been permitted, because the person or the place was not attached to the bill of exceptions.

Cases where a view has been permitted which the jury might consider in arriving at their verdict, either as evidence or to enable them to construe and apply the testimony, may stand on a somewhat different footing than when there has been no such view, but a verdict cannot be based alone upon seeing a rope or a building or the evidence of the senses. (Thompson on Trials, secs. 901, 902.) Of course, a view of this rope would not determine the questions whether the damages were excessive, or the plaintiff negligent, or whether the risk was assumed in his contract of employment; and besides, there was a very full description of the rope by sworn testimony in the court.

Not only is there no presumption that the Appellate Court refused to consider the assignments of error, but the record recites that they were considered and determined. The record and judgment of the court cannot be overcome by its opinion, and the record shows that the court considered and determined all the assignments of error and found no error in the record. There is no question of law for the consideration of this court, and the judgment of affirmance is conclusive on all questions of fact.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*