## Spring Valley Coal Company v. Alexander Patting.

### Gen. No. 10,898.

1. NON-SUIT—*definition of.* A plaintiff suffers a non-suit where a judgment is rendered against him, when he is unable to prove his case or refuses or neglects to proceed to trial after the case has been put at issue.

2. ESTOPPEL—*when, arises by verdict.* In order that a judgment in one suit shall operate as an estoppel in a second, it must appear on the face of the record or be shown by extrinsic evidence that the precise question involved in the second suit was raised and determined in the first.

3. FEDERAL COURTS—*how far decisions of, control state courts.* The decisions of the Circuit Court of Appeals of the United States while entitled to respect, are not binding upon the courts of this state, nor does the rule differ where the decision was rendered with respect to the very controversy subsequently involved in the state courts, unless such decision operates by way of estoppel.

4. FELLOW-SERVANTS—*how question of, determined in federal courts.* The federal courts do not regard the question of fellow-servants as one of local law to be determined according to the decisions of the highest court of the particular state in which the controversy may arise, but treat the same as one of general law.

5. FELLOW-SERVANTS—*who are not.* A coal miner and a mine engineer are not, as a matter of law, fellow-servants where they did not know each other and their duties did not require co-operation and they were not, at the time of the accident in question, engaged in the same work.

6. RESPONDEAT SUPERIOR—*when rule of, applies.* When there is no such personal relation and association between servants of the same master, no such habitual association in their usual duties, nor direct co-operation in the same work at the time of the injury, no such relation as enables them to exercise a mutual influence upon each other promotive of proper caution and mutual safety, the rule of *respondeat superior* applies.

Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed January 19, 1904.

A. R. GREENWOOD and HENRY S. ROBBINS, for appellant.

JAMES W. DUNCAN, J. D. SPRINGER, C. LE ROY BROWN and WALTER A. PANNECK, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment obtained by appellee for personal injuries received while in the employment of appellant as a coal miner. The accident occurred while appellee with a number of fellow employees was being lowered upon a cage operated in a shaft 360 feet deep. They were going down to their work of mining coal. They had miner's lamps on their caps, which were lighted. The machinery for checking the speed of the descending cage failed to operate, their lamps were extinguished in the swift descent, and the heavy cage struck the bottom of the shaft with such force that appellee was thrown down by the side of the cage, which rebounded and came down again on one of his legs, inflicting injuries complained of. The consequences to appellee were serious. It is not claimed the amount of the judgment is excessive.

As stated by appellant's attorneys in their argument, " it was practically undisputed " that the injury was due to the fact that the engineer did not expel from his brake engine

the cold water produced by condensation of steam during the time the engine had been standing idle as was his custom and duty to do. The engineer himself conceded this to have been the cause of his losing control of the cage. The alleged errors chiefly relied on by appellant are that the trial court erred in denying instructions giving effect to an alleged estoppel by verdict; in not leaving to the jury as a question of fact whether the engineer and appellee were fellow-servants; and in holding as a matter of law that they were not fellow-servants.

It appears that a suit upon the same cause of action was originally brought by appellee in the United States Circuit Court. In that suit appellee recovered a verdict and judgment for $10,000, which was reversed upon appeal by the United States Circuit Court of Appeals and a new trial granted. 86 Fed. Rep. 433. When the cause was again called for trial in the Federal Circuit Court the plaintiff did not appear, but a jury was impanelled which under direction of the court returned a verdict of not guilty, upon which judgment was entered for the defendant. Upon writ of error the United States Court of Appeals reversed this judgment also, and in accordance with the opinion then filed (98 Fed. Rep. 811) the United States Circuit Court set aside its former judgment upon the verdict of not guilty, and dismissed the suit for want of prosecution. Within a few days thereafter appellee began the present suit. The defendant pleaded not guilty and the Statute of Limitations. Appellee filed a replication to the plea of the statute, setting up the final proceedings in the Federal Court, to which plea appellant demurred. The demurrer was overruled.

It is urged that the trial court erred in not sustaining appellant's plea of the Statute of Limitations. It appeared on the face of the declaration that the present suit was not brought within two years after the accident. If, however, the judgment of the Federal Court dismissing the suit there for want of prosecution brings the case under the provisions of sec. 25 of the Statute of Limitations, R. S. chap. 83, this action having been brought within one year after judgment

of non-suit in the Federal Court, the objection is not well taken.   In that court, the plaintiff having failed to appear, the suit was dismissed for want of prosecution and judgment rendered as in case of non-suit, a name given to a judgment against a plaintiff when he is unable to prove his case or refuses or neglects to proceed to trial after the case has been put at issue.   See Herring v. Poritz, 6 Ill. App. 208–212;  Boyce v. Snow, 187 Ill. 181–185;  Holmes v. C. & A. R. R. Co., 94 Ill. 443.   It was not error to overrule appellant's demurrer to appellee's replication.

It is contended in behalf of appellant that the decision of the United States Circuit Court of Appeals rendered upon the first of the appeals above referred to constitutes an estoppel by verdict upon the questions it decided when subsequently arising between the same parties upon the same pleadings and evidence.    What that decision was may be ascertained by reference.    86 Fed. Rep. 433.   It is not claimed that the opinion was followed by a final judgment in that court or in any court prior to the judgment in this case now under consideration;  but it is said that certain material questions were determined in that former suit, and that the mere opinion of that court upon those questions must be held conclusive upon the parties as to the same questions when they arise again in this suit, a species of estoppel it is said known as estoppel by verdict.   Citing Hanna v. Read, 102 Ill. 596.   " In order that the judgment in the first suit shall operate as an estoppel in the second suit, it must appear on the face of the record or must be shown by extrinsic evidence that the precise question was raised and determined in the first suit." Theological Seminary v. The People, 189 Ill. 439, 443: Here, however, there is no prior judgment.  If the opinion of the United States Circuit Court of Appeals referred to had been rendered by this court or by the Supreme Court of the state, we should doubtless regard the questions so decided closed against further controversy in this action. But it was rendered in a different forum, whose opinions are entitled to respect, but are without like binding force

in this case upon this or the trial court, and there was no final adjudication, but the case was remanded for a new trial. It is said in Aurora v. West, 7 Wall. 82, 93, " unless a final judgment or decree is rendered in a suit, the proceedings in the same are never regarded as a bar to a subsequent action," the former proceedings not having been conclusive. Bucher v. Railroad Co., 125 U. S. 555–578–9; Gardner v. Railroad Co., 150 U. S. 349–356. In the case at bar, the United States Circuit Court of Appeals when it filed the opinion referred to reversed the judgment of the United States Circuit Court and remanded the cause for a new trial. This was not a final judgment, but it was the actual judgment rendered at that time, and the reasons for it have no binding force in this court, it appearing that the suit in which that opinion was filed was never prosecuted to final judgment, but was subsequently dismissed for want of prosecution. The opinion is not a part of the record and cannot be resorted to to overcome the recitals of a judgment. Marske v. Willard, 169 Ill. 276–285; Calumet St. Ry. Co. v. Van Pelt, 173 Ill. 70–74; Seaverns v. Lischinsky, 181 Ill. 358–360. We conclude therefore that the opinion of the United States Court of Appeals filed in the former suit, upon the question whether appellee and the engineer were fellow-servants, is not conclusive upon the parties or the court in the case before us. The Federal Courts do not regard the question of fellow-servants as one of local law to be settled by the decisions of the highest court of the state, but as one of general law. B. & O. R. R. Co. v. Baugh, 149 U. S. 368–378; Hunt v. Hurd, 98 Fed. 683.

The rule in this state recognizes " a distinction between the cases of co-servants whose duties are entirely distinct from each other and are not such as to imply consociation or co-operation, and the case of servants consociated by means of their daily duties or co-operating in the same department of duty or the same line of employment." In the former case the rule *respondeat superior* applies. In the latter, it does not apply and the master is not regarded as liable for injuries inflicted by the negligence of fellow-serv-

Spring Valley Coal Co. v. Patting.

ants so consociated or co-operating. C. & N. W. R. R. Co.
v. Moranda, 93 Ill. 302–315. This rule has been so often
applied and is so familiar that citation of the numerous
cases can serve no good purpose. Where there is no such
personal relation and association between servants of the
same master, no such habitual association in their usual
duties, nor direct co-operation in the same work at the time
of the injury, no such relation as enables them to exercise
a mutual influence upon each other promotive of proper
caution and mutual safety, the rule *respondeat superior* is
applied, and the common master may be held liable. Rol-
ling Mill Co. v. Johnson, 114 Ill. 57–64; Pagels v. Meyer,
193 Ill. 172–177–178; Duffy v. Knivilin, 195 Ill. 630–634.
In the case before us, the duties of appellee and the engi-
neer did not require co-operation. The two men did not
know each other. They were employed in different depart-
ments, and appellee had nothing to do with raising or low-
ering the cage upon which he with other miners was con-
veyed down and up the shaft to and from daily work. The
cage was started and the signal given to the engineer by a
fireman acting that morning for the " top cager " whose
duty it was to give the signal, but who was not then pres-
ent. Appellee participated in no way in the management
of the cage, neither at the time of the injury nor in the
performance of his usual duties. These facts are not con-
troverted, and it is clear that appellee and the engineer
whose negligence caused the accident were not fellow-
servants within the rule of law referred to defining that
relation. The question was not therefore one of fact, but
of law, and it was not error for the court to so treat it.
Columbian Exposition v. Lehigh, 196 Ill. 612, 621.

The judgment of the Circuit Court is affirmed.

*Affirmed.*