CHARLES WISTRAND

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 22, 1904.*

1. JURORS—*jurors in the criminal court of Cook county may be transferred from one branch to another.* Jurors summoned for any term of the criminal court of Cook county, if otherwise qualified, are eligible for service in any branch of that court in session during their term of service, and may be transferred from one branch to another, as suits convenience of the various branches of the court.

2. SAME—*overruling challenge to array must be prejudicial to reverse.* A judgment of conviction will not be reversed because the challenge to the array was overruled, unless it appears that some substantial right of the accused was thereby impaired.

3. SAME—*accused entitled to list of all jurors.* Previous to arraignment of the accused in a branch of the criminal court of Cook county he is entitled to a list of all the jurors, and not merely to a list of those assigned to the particular branch where he is to be tried; but it is not ground for complaint that no tickets bearing the names of jurors serving in other branches are placed in the box from which the particular jury which is to try his case is drawn.

4. SAME—*correct practice where the list of jurors in particular branch is exhausted.* Jurors assigned to the different branches of the criminal court of Cook county are regarded as in actual jury service so far as the other branches are concerned, but if the list of jurors in the particular branch where a case is to be tried is exhausted, the names of jurors from another branch may be placed in the box from which the jury is drawn.

5. RAPE—*what must be shown to prove rape without force.* To prove rape without force it must be shown that the female was under fourteen years of age, that the male was over sixteen years and that there was sexual intercourse between them.

6. SAME—*when age of accused cannot be proven by his confession.* In a prosecution for rape without force, the age of the accused, being a part of the *corpus delicti,* cannot be proven by a statement in his voluntary written confession that he was forty-four years old, there being no other proof on such point.

7. SAME—*jury cannot fix age by inspection of person.* The age of one accused of the crime of rape in having sexual intercourse, by consent, with a female under fourteen years of age, cannot be fixed from an inspection of his person by the jury, but may be proved by testimony as to his apparent age, which can be preserved for review in the record.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This is a writ of error, sued out of this court by Charles Wistrand, the plaintiff in error, to review a judgment of the criminal court of Cook county whereby plaintiff in error was adjudged guilty of the crime of rape and sentenced to the penitentiary for a term of two years.

The indictment consisted of three counts. The first and third charged rape by force upon one Eva Goldstein. There was no evidence of the use of force to sustain these counts. The second count charged the commission of the crime with-

out force, alleging that the defendant was a male person above the age of sixteen years; that the female was under the age of fourteen years, and that the act was committed with the consent of the female.

The evidence for the prosecution showed that the plaintiff in error had sexual intercourse with one Eva Goldstein, a girl under the age of fourteen years, on or about June 17, 1904. The defendant below did not testify in his own behalf, except on a preliminary question considered by the court alone, and did not offer any evidence except that of his good reputation for chastity and for peace and quiet.

The jury which tried the case was composed in part of jurors obtained from among jurors serving in other branches of the criminal court of Cook county. Six hundred jurors had been summoned to attend this term of court and had been distributed among the six branches of the court and each one empaneled in the branch to which he had been assigned, each branch thus having different jurors. The list of jurors serving in that branch in which plaintiff in error was to be tried, having been exhausted by reason of the fact that some of the jurors whose names constituted such list had been selected in a preceding case and were engaged in the consideration of that case and by the fact that others had been transferred to other branches of the court, the sheriff, by order of court, obtained jurors from other branches of the court, and a list was thus made up from which to select a jury for the trial of the case. Plaintiff in error challenged the array, but the court overruled the challenge. He then challenged each juror called to the jury box for cause, assigning as the cause that the juror had been ordered, selected and summoned to that branch of the court without authority of law. He exhausted all his peremptory challenges. As the list of jurors thus obtained became exhausted, the sheriff obtained more jurors from the other branches of the court. Plaintiff in error challenged these as they were brought in, and refused to accept any of the jurors called. He was fur-

nished with a list of the jurors constituting the first list so obtained and was also furnished with lists of the other jurors as they were brought in by the sheriff.

The only evidence of the age of the prosecuting witness was that of her father, who testified that she would be fourteen years old on the 14th of September following. The only evidence of the age of the defendant was contained in a written confession, signed by the defendant, which was offered by the prosecution and admitted in evidence after proof that it was voluntarily made, in which he stated that he was forty-four years of age, and in which he also admitted having had sexual intercourse with the prosecuting witness at the time charged in the declaration and at times previous thereto.

The errors assigned are that the court erred in overruling the challenge to the array and in overruling the challenge for cause to each juror in the case; in refusing certain instructions and modifying others asked by the defendant below; in giving certain instructions asked by the State; in failing to submit a form of verdict finding defendant guilty of assault; in admitting the confession in evidence and in refusing to receive evidence of defendant's general reputation for peace and quiet. It is also urged that there is no legal evidence of the age of the plaintiff in error, and that the court permitted the State's attorney to ask leading questions of the witnesses for the prosecution.

CHARLES P. R. MACAULAY, and OSCAR D. OLSON, for plaintiff in error.

H. J. HAMLIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and E. C. LINDLEY, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is provided by section 88a of chapter 37, Hurd's Revised Statutes of 1903, "that two or more of the judges of the criminal court of Cook county, may each hold a different

branch of said court at the same time." At the time of the
trial of this cause, several branches of that court were in ses-
sion. The jury commissioners had summoned six hundred
jurors to appear at that term, and these jurors had been di-
vided among the various branches of the court, each juror
being directed to report for service in a particular branch.
Plaintiff in error was tried in the branch over which Hon.
Richard W. Clifford, one of the judges of the circuit court
of Cook county was presiding. Upon the list of jurors, who
had been assigned to duty in that branch, being exhausted,
jurors were transferred from other branches to that branch
of the criminal court. The legality of so transferring these
jurors was questioned by a challenge to the array.

Section 29 of chapter 78, Hurd's Revised Statutes of
1903, which applies to Cook county, directs that "one or
more of the judges of said court shall certify to the clerk of
the court the number of jurors required at each term," and
that jurors to that number shall be drawn from the jury box
kept by the jury commissioners, and "if more jurors are
needed during said term, the court shall so certify, and they
shall be drawn and summoned as above provided forthwith."

Plaintiff in error's contention is that upon the list of the
jurors who had been assigned to duty in the branch of the
court presided over by Judge Clifford being exhausted, oth-
ers should have been drawn and summoned in accordance
with the directions contained in the language last above
quoted, and urges that the entire jury drawn cannot be re-
garded as a jury drawn for but one court, for the reason that
if that was the situation, then under section 12 of chapter 78,
*supra,* it would be the duty of the court to discharge all the
jurors in excess of twenty-four. Our view is that in Cook
county, where the act authorizing the appointment of jury
commissioners is in force, the fourth section of the last men-
tioned act, being section 29, *supra,* governs this matter, and
that the number of jurors who should be in attendance upon
a term of the criminal court is "the number of jurors re-

quired at each term," in the language of that section, and that section 12, *supra,* in so far as it directs the discharge of all jurors in excess of twenty-four who appear in response to the jury summons, does not apply in that county to a court having several branches. There is but one criminal court of Cook county. All the jurors properly drawn and summoned for any term, if otherwise qualified, are eligible for service in any branch of the court which may be in session during the term of service, and may be transferred from one branch of the court to another as suits the convenience of the various branches of that court.

Plaintiff in error seeks to sustain his challenge to the array by the case of *People* v. *Compton,* 132 Cal. 484. In that case it was held that if the jurors serving in different branches of the same court were, as we think they are, members of the same panel, tickets having the names of all the jurors serving in all the branches should be placed by the clerk of the court in the box from which he draws the jury for a particular case, and that a failure in this regard was fatal to the judgment. We have frequently held that the judgment of the court below will not be reversed because a challenge to the array was overruled, unless it appears that some substantial right of the defendant was thereby impaired. (*Wilhelm* v. *People,* 72 Ill. 468; *Siebert* v. *People,* 143 id. 571; *Healy* v. *People,* 177 id. 306.) Following this rule, long established in this State, we are brought to a conclusion diametrically opposed to that reached by the able court which pronounced judgment in *People* v. *Compton, supra.*

The purpose of the act authorizing the appointment of jury commissioners was to secure to litigants jurors drawn at random by the clerk of the court from names selected by the jury commissioners, who in turn were to be selected by the judges of the several courts of record of the county. The discretion and competency of the persons chosen as such commissioners were to be taken into consideration, the pur-

pose being to prevent abuses in the selection of juries and to insure, so far as possible, that none but competent, honest and impartial jurymen should be called into the box, and that the interest of neither party to the controversy should in any way intervene in determining what jurors should be drawn and summoned for any particular term of the court. Defendant has had the benefit of the safeguards of that act. No juror was called in his cause except one who had been selected and drawn in the office of the jury commissioners in the manner contemplated by that act. To adopt the view which he holds would be to require the drawing of a separate jury for each branch of the criminal court, and to do this would be to interpolate into the statute language not found there and would amount to judicial legislation.

It follows, however, that a defendant in the criminal court, previous to his arraignment, is entitled to a list of all the jurors, then selected to serve and who will be immediately engaged in service in that court, and not merely to a list of those who have already been assigned to a particular branch of the court. When he is furnished with such a list, the fact that some of the jurors on that list are then serving in other branches of the criminal court and that no tickets having the names of such jurors are placed in the box from which the clerk draws the particular jury for the trial of his case, is not a just cause of complaint. If he were tried in a court having no branches or divisions and where but twenty-four jurors were in attendance, if twelve of these were engaged in considering of their verdict in another cause at the time a jury was called to try his case, tickets bearing the names of the jurors serving in such other cause would not be placed in the box from which the clerk would draw the names for the jury about to be examined and sworn. In such case, the jury is not drawn by lot from among all the jurors, but those already actually engaged in performing jury service are necessarily excluded. In the criminal court, jurors serving in branches other than that in-

which plaintiff in error was tried are members of the same
panel as those serving in the latter branch, but may be regarded as already engaged in actual jury service, so that
their names need not be put in the box from which the jury
is drawn to try the defendant in the first instance, but may
be so placed therein should the list of jurors serving in the
branch where the cause is being heard be exhausted, precisely as in a court without divisions or branches a jury
which is considering a case comes in with a verdict while a
jury is being selected in another cause and the necessity for
the services of those coming in with the verdict arising,
their names are placed in the box to be drawn to complete
the jury in the second case.

There is in this record no evidence that tends to show
the commission of the crime of rape by force. Where a conviction of the crime of rape without force is sought, to establish the *corpus delicti,* it is necessary that the proof should
show, first, that the female was under the age of fourteen;
second, that the male was over the age of sixteen; third,
that sexual intercourse occurred between them. In this case
the fact that the female had not reached the age of fourteen
was shown by the evidence of her father. The fact that the
sexual intercourse took place was shown by the evidence of
the female herself and by the written confession of the male,
made shortly after his arrest. This confession contained also
a statement that he was forty-four years old, and his age was
not otherwise proven. It is elementary that the *corpus delicti*
cannot be proven by the confession of the defendant alone.
(*May* v. *People,* 92 Ill. 343; *Williams* v. *People,* 101 id.
382; *Gore* v. *People,* 162 id. 259.) Unless the defendant
was above the age of sixteen at the time of the alleged commission of the offense, there was no violation of the statute.
It was as essential to prove his age as it was to establish
the age of the female, or to show that fornication occurred.
Either of the three elements lacking, the *corpus delicti* is not
established. Consequently, there should be evidence tending

to establish each of these three necessary facts aside from the confession of the defendant. So far as proving his age was concerned, there was no evidence except his confession. It follows, therefore, that without his confession there was no proof that a crime had been committed, because except he was more than sixteen years of age, no crime was committed. For the purpose of fixing the age of the defendant, persons who had seen him would have been competent to testify relative to his appearance, and such testimony would have been proper for the consideration of the jury on the question of age.

Defendant in error suggests that the defendant was present in court on the trial and that this together with the confession was sufficient to justify the jury in finding him to be more than sixteen years of age. The defendant did not take the witness stand except on a preliminary question in reference to the admission of his confession in evidence, and the jury was excluded from the court room while he was testifying on that subject. But whether he did or did not testify, the law does not allow the jury to fix his age by inspecting his person. (*Stephenson* v. *State,* 28 Ind. 272.) While the appearance of the defendant might be conclusive evidence to the jury, there would be some difficulty in having evidence of that character preserved in the bill of exceptions for the inspection of a court of review. "To allow a jury to make up their verdict upon a disputed fact from their own individual observation would be most dangerous and unjust." *Seaverns* v. *Lischinski,* 181 Ill. 358.

There is no merit in the other errors assigned.

The judgment will be reversed and the cause will be remanded to the criminal court of Cook county.

*Reversed and remanded.*