THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NICHOLAS KIELCZEWSKI, Plaintiff in Error.

*Opinion filed October 27, 1915.*

1. CRIMINAL LAW—*rule as to reversal for insufficient evidence.* The Supreme Court will not reverse a judgment of conviction in a criminal case on the ground of insufficient evidence, unless, from a consideration of the whole evidence in the cause, a reasonable doubt of guilt arises.

2. SAME—*what circumstance tends to corroborate testimony of prosecuting witness.* The fact that the prosecuting witness, who testifies that he kept the two men who robbed him in sight from the time they robbed him until they were arrested, was able to, and did, point out to the police officers the particular pockets of the men in which certain of the articles taken from him would be, and were, found, is a circumstance tending to corroborate his other testimony.

3. SAME—*when the jury cannot disregard testimony as to age.* Where the two defendants charged with robbery are asked by the court as to their ages and one answers that he is twenty-one and the other that he is twenty-two, the jury are not authorized, by considering the appearance of the defendants, to find in the verdict that the defendants are between the ages of ten and twenty-one years and are about the age of twenty years, and it is error to sentence the defendants to imprisonment in the State reformatory.

4. SAME—*when error cannot be corrected by directing court to enter proper sentence.* Where the trial court submits the question of the ages of the defendants in a robbery case to the jury on the statements of the defendants that they are, respectively, twenty-one and twenty-two years old, the finding of the jury that the defendants are between the ages of ten and twenty-one years and are about the age of twenty years cannot be regarded as surplusage by the Supreme Court, and the error in sentencing the defendants to the State reformatory cannot be cured by reversing the judgment and directing the court to sentence the defendants according to the evidence.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

THOMAS E. SWANSON, and ELWYN E. LONG, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error was found guilty by a jury in the criminal court of Cook county of the crime of robbery and was sentenced to imprisonment in the Illinois State Reformatory.

The record has been brought to this court by writ of error. The indictment charged the plaintiff in error and Frank Wasky with robbery from the person of one John Pyrcznski by taking from him certain moneys described in the indictment and one pin of the value of fifteen cents. The evidence for the People consisted of the testimony of John Pyrcznski and the policemen Bernard J. Love and James J. Gannon. John Pyrcznski testified that about one o'clock in the morning of October 3, 1914, he met the plaintiff in error and Frank Wasky in the city of Chicago, on Thirty-first street, and was seized by the plaintiff in error, who held his hands behind his back while Wasky took from his pockets two dimes, two nickels, a match-box, a handkerchief and a stick-pin; that he went around the corner about forty feet, where he met two policemen, to whom he made complaint; that the plaintiff in error and Wasky were in his sight until the time he met the policemen; that the policemen stopped the plaintiff in error and Wasky and searched them; that he pointed out the pocket of the plaintiff in error in which the handkerchief was placed and the pockets in which the match-box and money were placed, and that they were found in those pockets. Bernard J. Love testified that he met Pyrcznski, who claimed he had been robbed; that the plaintiff in error and Wasky crossed the street and were stopped by him and identified by Pyrcznski as the two men who robbed him; that they denied the robbery; that Pyrcznski showed him

the pockets where the handkerchief, the money and the match-box had been placed; that he searched the plaintiff in error and Wasky and found a part of the money on the plaintiff in error and part on Wasky; that he found the match-box in the side pocket of the plaintiff in error and the handkerchief in the top pocket of his coat, as pointed out by Pyrcznski; that plaintiff in error claimed the match-box, handkerchief and money belonged to him, and both he and Wasky denied the robbery or that they had ever seen Pyrcznski. James J. Gannon testified that he was with officer Love when the plaintiff in error and Wasky were arrested; that Pyrcznski charged them with the robbery, which they denied; that the defendants were searched and the various articles were found in the pockets pointed out by Pyrcznski.

The plaintiff in error testified that on the night in question he and Wasky had been at a dance in Keyser's Hall, at Archer and Twenty-ninth street; that they left the hall and were going south on Racine avenue from Thirty-first street; that when they were near Thirty-second place the two policemen stopped them; that the policemen searched them and took from him the match-box, a handkerchief and a twenty-five-cent piece; that the match-box, money and handkerchief were his own property, and that he had seen Pyrcznski a few times before that. A brother of plaintiff in error testified that he had seen the plaintiff in error have the handkerchief a week before the robbery; that the handkerchief was given to the plaintiff in error as a present, and that he saw his mother wash the handkerchief. The mother of the plaintiff in error was called as a witness, and through an interpreter refused to testify, and refused to say that she had washed the handkerchief or that it was the property of the plaintiff in error.

Frank Wasky testified that he was with the plaintiff in error at the dance and they left the dance-hall and started for home; that they were met by the police officers and

Pyrcznski, who stopped them; that the policemen searched their pockets and took a dime from him; that neither he nor the plaintiff in error took any of Pyrcznski's property or robbed him and he never saw Pyrcznski until he came up with the officers.

The question of the guilt or innocence of the plaintiff in error depended upon the truthfulness of the witnesses. If the testimony of Pyrcznski that the plaintiff in error and Wasky robbed him, and that he kept them in sight from the time of the robbery until they were arrested, was true, the verdict was right. He could not be mistaken as to the fact and no circumstances were proved casting any serious doubt upon his credibility. The testimony of the two policemen that Pyrcznski was able to, and did, point out to them the respective pockets in which could be found, and were found, articles described by him as having been taken from him, tended to corroborate him. Against the evidence of guilt there was the denial of the accused and the testimony of the brother of the plaintiff in error respecting the handkerchief. The match-box and handkerchief were not mentioned in the indictment but were so connected with the crime therein charged that the fact of their being found in the designated pockets tended to prove the charge and to identify the robbers. It was the province of the jury to determine the credibility of the witnesses, and the established rule is that this court will not reverse a judgment of conviction unless the court can say, from a consideration of the whole evidence, that there was a reasonable doubt of guilt. (*Miller* v. *People,* 229 Ill. 376.) Upon such consideration of all the evidence it can not be said that there was such reasonable doubt, and the court therefore did not err in denying the motion for a new trial.

The jury found the plaintiff in error guilty, with this further finding: "And we further find from the evidence that the said defendant is between the ages of ten and

twenty-one and that he is about the age of twenty years."
The only basis for a finding as to the age of the plaintiff
in error was the following: After the evidence was all
before the jury the court asked the attorney for the de-
fendants what were the ages of his clients, and the attor-
ney replied that he did not know,—they could answer
for themselves. The court then asked the plaintiff in er-
ror how old he was, and he answered twenty-one. The
court then asked the defendant Wasky how old he was,
and he answered twenty-two. The verdict of the jury was
the same as to each of the defendants and the sentence
was the same as to each. If, in fact, the defendants were
twenty-one years of age or upward, the sentences were not
only contrary to the evidence but contrary to the law and
the policy of the State, which does not contemplate or per-
mit male persons twenty-one years of age at the time of
their conviction to be sentenced to the Illinois State Re-
formatory. (*People* v. *Smith,* 253 Ill. 283; *People* v.
*Stowers,* 254 id. 588.) Section 10 of the State Reforma-
tory act provides that in all criminal cases tried by jury in
which the jury shall find the defendant guilty, they shall
also find, by their verdict, whether or not the defendant is
between the ages of ten and twenty-one years, and if the
jury shall find the defendant to be between the ages of ten
and twenty-one years, they shall find, as nearly as may be,
the age of the defendant. That section was intended to
apply to minors, to give them the benefit of the objects for
which the reformatory was established, and in a prosecu-
tion where age is not an element of the crime and there
is no question that the accused is an adult the jury need
not find his age, (*Herder* v. *People,* 209 Ill. 50; *People*
v. *Liedecker,* 258 id. 395;) but where there is a question
whether the accused is an adult or a minor it must be sub-
mitted to the jury. In this case the court submitted the
question of age to the jury and entered judgment on the
verdict contrary to the only evidence in the record.

The argument to sustain the finding and judgment is, that the plaintiff in error having become a witness in his own behalf, his appearance, demeanor and conduct while on the witness stand were evidence in the case, and the jury might determine that his statement was not true and fix his age from his appearance. The fact that the plaintiff in error was a witness, so that the jury saw him on the witness stand, did not enable the jury to determine his age from appearances with any more certainty than if they had seen him in the court room when not a witness. It is true that appearances approximately indicate the age of a person and as between the extremes of youth and old age are quite reliable. In any case, appearances may be accepted and weighed for what they are worth. Anyone knows, however, that there are remarkable differences in the appearances of persons of the same age, and as between twenty and twenty-one no one would accept appearances, alone, as a reliable standard. Undoubtedly, the appearance of an alleged minor may be considered in determining his age, but there must be some proper rule of evidence as to how it shall be proved. A defendant whose material interests are affected by a finding as to his age has a right to a review of that question, and there could be no review, no matter how utterly unfounded the conclusion of the jury might be, if the rule contended for were adopted. The rule of evidence is that a witness, after describing the appearance of a person as best he can, may give an opinion of his age. (1 Elliott on Evidence, sec. 677.) From appearances a qualified witness may estimate the age of a given individual by stating what effect the observed appearances have produced on his mind. (3 Chamberlayne on Modern Law of Evidence, sec. 2045.) This court has applied the general rule that jurors cannot make up their verdict on any disputed fact from their own individual observation, (*Seaverns* v. *Lischinski,* 181 Ill. 358,) and in *Wistrand* v. *People,* 213 Ill. 72, it was held that, whether

the defendant did or did not testify, the law did not allow the jury to fix his age by inspecting him. In that case no crime was committed unless the accused was more than sixteen years of age, and it was decided that the fact of the defendant being present in court on the trial did not justify the jury in finding him to be above that age, but the place and manner of punishment is material to an accused and the same rule must apply. In the case of *People* v. *Davidson,* 240 Ill. 191, it was held that a witness may give his opinion as to the age of a person from his appearance, but the witness must first describe the appearance of the individual and then may state his opinion, which is essential to preserve any right of review concerning the value of the opinion. The sentence, perhaps, was more favorable to the plaintiff in error than if he had been sentenced to the penitentiary, but the laws and policy of the State and the legitimate objects of the reformatory are involved, and the court will not affirm a judgment contrary to such laws and policy on the ground that the complaining individual was not injured.

It is suggested that the judgment in this case may be reversed with a direction to the court to sentence the plaintiff in error to the penitentiary in accordance with the evidence. If the verdict had been that the plaintiff in error was twenty-one years of age and the court had sentenced him to the reformatory the course suggested might properly be adopted, but the statute requires the court, in proper cases, to instruct the jury in regard to finding the ages of persons on trial for criminal offenses, (*Sullivan* v. *People,* 156 Ill. 94,) and the court having considered this a proper case for the submission of the question to the jury, the finding was one prescribed by the Reformatory act and cannot be ignored as surplusage. The court took the verdict as a basis for the sentence and the judgment was in accordance with the verdict. It cannot be said that the

court entered an improper sentence on the verdict which can be corrected by directing the proper sentence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*