THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE L. MEAD, Defendant-Appellant.

(No. 70-192;

Third District—January 14, 1972.

John L. Barton, of Defender Project, of Ottawa, for appellant.

David L. Thompson, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of the Fourteenth Judicial Circuit, Rock Island County, Illinois. Defendant, Eddie L. Mead, was found guilty of the offense of murder after a jury trial. The defendant was sentenced to a term of from 14 to 30 years in the Illinois Penitentiary System.

Defendant contends that the State failed to prove both the cause of death and his guilt beyond a reasonable doubt; and further that the court erred in refusing a tendered instruction of the defendant.

On May 4, 1970, at approximately 10:00 P.M., decedent, Edward J. DeFauw, was beaten about the head in an alley and was shortly thereafter pronounced dead.

Defendant, on May 4, 1970, voluntarily appeared at a Police Station and made a statement that at about 8:30 to 8:45 P.M. on May 3, 1970, he was attacked by the decedent and two other men in the alley and fought with a board and a rock, which struck the decedent on the head. He replaced the rock and left the decedent lying in the alley and was home at approximately 10:00 P.M. He made some identification of one of the other men. This man was examined by the police and did not have any marks or bruises from a fight.

All of the witnesses who saw or heard part of the fight in the alley placed the time at about 10:00 P.M., May 3, 1970, and limited the number of persons involved to two men.

Except for the time of the fight, both the defendant, by his statement, and the witnesses, by their testimony, agree that a bottle was broken, a man was hit with a board, a rock was replaced, and the decedent was lying in the ally after the altercation.

Although blood was found on the rock, it could not be identified as to type. The defendant was not identified by the witnesses. Photographs were admitted into evidence showing the condition of the decedent's head. No medical testimony was introduced as to the cause of death.

■■ Defendant in support of his contention that the State failed to prove the cause of death cites *People v. Wilson*, 400 Ill. 461, 81 N.E.2d 211, which correctly sets forth the rule that:

"The elements of murder which must be established are: The proof of death and the proof of a criminal agency causing death. Both of these elements must be established by evidence beyond a reasonable doubt."

The State's evidence was to the effect that around 10:00 P.M. on May 3, 1970, an altercation occurred in an alley between two men. One man was hit on the back with a board and a man was seen handling a rock, on which there was later found to be blood, although it could not be identified as to type. That decedent was found lying in the alley and was taken to a hospital and pronounced dead by a doctor. That decedent had wounds to the head, scalp and hands. Pictures which accurately portrayed the condition of the head wounds were introduced into evidence. Defendant's statement admitting that he hit the decedent on the head with a rock was read into the record. No medical evidence as to the cause of death was introduced.

"While prudent practice suggests that the People should produce medical testimony as to the cause of death where such testimony is readily available, the failure to do so is not in itself grounds for reversal where the cause of death has been established beyond reasonable doubt by other competent evidence. The question before us is not whether the People might have pursued a better method of establishing the cause of death, but whether the fact that the death was caused by a criminal agency has been proved beyond a reasonable doubt." *People v. Jones*, 22 Ill.2d 592, 177 N.E.2d 112.

Defendant cites cases which do not support his contention. In *People v. Wilson*, 400 Ill. 461, 81 N.E.2d 211, there was not only evidence that the cause of death was other than by a criminal agency, but the preponderance of the evidence was to that effect.

Defendant cites the cases of *Wistrand v. People*, 213 Ill. 72, 72 N.E. 748, and *People v. Rodgers*, 415 Ill. 343, 114 N.E.2d 398, for the proposition that the *corpus delicti* could not be proven by the statements or

admissions of the defendant. These cases do not apply here for the reason that apart from the statement of the defendant, the evidence shows the criminal agency of death beyond a reasonable doubt.

Failure to call as a witness the pathologist who performed the autopsy is claimed to raise an inference against the State and create a reasonable doubt as to the cause of death. Defendant cites *People v. Divito*, 66 Ill. App.2d 282, 214 N.E.2d 320. In that case there was contradictory evidence introduced which might have been resolved by a witness who the State failed to call. In this case there was no contradictory evidence as to the cause of death and the failure to call the pathologist can raise no inference against the State.

■■■ No evidence was offered nor does the record suggest any supervening act, disconnected from the beating administered to the decedent, as to the cause of death. Here the evidence shows beyond a reasonable doubt that the decedent was beaten severely about the head and died shortly thereafter. We believe that *People v. Meyers*, 392 Ill. 355, 64 N.E.2d 531, correctly states the law:

"The law is that when the State has shown the existence through the act of the accused of a sufficient cause of death, the death is presumed to have resulted from such act, unless it appears death was caused by a supervening act disconnected from any act of the defendant."

■■ Defendant next contends he was not proven guilty beyond a reasonable doubt that the defendant administered the beating at 10:00 P.M. that caused the decedent's death. Defendant did not testify and no person testified in his behalf as to the events which took place in the alley. Defendant maintains that the evidence provides a reasonable hypothesis that defendant did not administer the beating that caused decedent's death. Therefore, the question before the court is whether the evidence fairly establishes the defendant's guilt so as to exclude every reasonable hypothesis of defendant's innocence. (See *People v. Lewellen*, 43 Ill.2d 74, 250 N.E.2d 651; *People v. Brown*, 83 Ill.App.2d 411, 228 N.E.2d 495.) In defendant's statement he admitted striking the deceased with a board, hitting him on the head with a rock and replacing the rock where he found it and leaving the decedent lying in the alley. However, he placed the altercation at 8:30 to 8:45 P.M. and stated that he was defending himself from an attack by the decedent and two other men. The only hypothesis of innocence is that two fights occurred at the same approximate location, one at about 8:30 to 8:45 P.M. and the other about 10:00 P.M.; that decedent was involved in both fights; that in each fight a bottle was broken, a man was hit with a board and a rock was replaced; that a man, other than the decedent, was struck with a board by defendant, but not sufficiently hard enough to leave any marks or

bruises; that the second fight was heard and observed by several witnesses and the first fight was not heard or observed by any persons other than the defendant. We can not consider this to be a reasonable hypothesis of innocence requiring us to substitute our judgment for that of a jury. We believe there is sufficient competent evidence proving defendant guilty beyond a reasonable doubt.

■■■ Defendant lastly contends that the court erred in refusing to give Defendant's Instruction No. 12, which stated:

"When a man's conduct may be as consistently and as reasonably from the evidence be referred to one of two motives, one criminal and the other innocent, it is your duty to presume that such conduct is actuated by the innocent motive and not the criminal."

This instruction was approved in *McCoy v. People*, 175 Ill. 224, 51 N.E. 777. However, it is properly refused in this case. As stated in *People v. Lefler*, 38 Ill.2d 216, 230 N.E.2d 827, and *People v. Rhodes*, 41 Ill.2d 494, 244 N.E.2d 145, the instruction is proper only when the opposing theories, motives or intentions arise out of the same set of facts. Where the defendant maintains through his statement that he did not participate in the fight at 10:00 P.M. resulting in the death of the decedent, then it can not be said that there are two opposing motives arising out of the same facts that would support the giving of the instruction.

For the foregoing reasons the judgment of the circuit court of the Fourteenth Judicial Circuit, Rock Island County, Illinois, is affirmed.

Judgment affirmed.

STOUDER, P. J., and ALLOY, J., concur.